```
 1                 UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
 2

 3

    UNITED STATES OF AMERICA          )
 4                                    )
                                      )
 5  vs.                               )  CR No. 10-10177-NMG
                                      )
 6                                    )
    ELVIS RAPOSO                      )
 7

 8
    BEFORE:  THE HONORABLE NATHANIEL M. GORTON
 9

10
                              PLEA
11

12
    APPEARANCES:
13
        OFFICE OF THE UNITED STATES ATTORNEY (By:  Thomas Kanwit,
14      AUSA), 1 Courthouse Way, Boston, Massachusetts 02210.  On
        Behalf of the Government.
15
        FEDERAL DEFENDER OFFICE (By:  Behzad Mirhashem, Esq.),
16      51 Sleeper Street, Boston, Massachusetts 02210.  On Behalf
        of the Defendant.
17

18        John Joseph Moakley United States Courthouse
                         Courtroom No. 4
19                      One Courthouse Way
                          Boston, MA 02210
20                      Friday, May 20, 2011
                             11:10 a.m.
21

22                Cheryl Dahlstrom, RMR, CRR
                     Official Court Reporter
23         John Joseph Moakley United States Courthouse
                 One Courthouse Way, Room 3209
24                      Boston, MA 02210
            Mechanical Steno - Transcript by Computer
25
```

```
 1                    P R O C E E D I N G S
 2            THE CLERK:  This is Criminal Action No. 10-10177,
 3    United States of America vs. Elvis Raposo.  Will counsel please
 4    identify themselves for the record.
 5            MR. KANWIT:  Good morning, your Honor.  Thomas Kanwit
 6    for the United States.
 7            THE COURT:  Mr. Kanwit, good morning.
 8            MR. MIRHASHEM:  Good morning, your Honor.  Behzad
 9    Mirhashem for Mr. Raposo.
11:11 10       THE COURT:  Mr. Mirhashem, Mr. Raposo, good morning.
11            MR. RAPOSO:  Good morning, sir.
12            THE COURT:  We're here, as I understand it, Mr.
13    Mirhashem, to take a change of plea, is that correct?
14            MR. MIRHASHEM:  That is correct, your Honor.
15            THE COURT:  And if your client would please take the
16    witness stand, you may join him if you wish.
17    (Defendant sworn.)
18            THE COURT:  Good morning again, Mr. Raposo.  Do you
19    understand that you are now under oath and that if you answer
11:12 20 any of my questions falsely those answers may later be used
21    against you in a prosecution for perjury or making a false
22    statement?  Do you understand that?
23            MR. RAPOSO:  I understand.
24            THE COURT:  Would you please state your full name for
25    the record.
```

1    MR. RAPOSO: My name Elvis Dwight Raposo.
2    THE COURT: Mr. Raposo, you don't have to worry about
3    that microphone because I can hear you just fine.
4    How old are you, Mr. Raposo?
5    MR. RAPOSO: Thirty-seven.
6    THE COURT: What is your educational background?
7    MR. RAPOSO: Up to sophomore year, tenth grade
8    education.
9    THE COURT: Did you complete the tenth grade or just
11:12 10  get into the tenth grade?
11    MR. RAPOSO: Got into the tenth grade.
12    THE COURT: Where did you go to school up to that
13    point?
14    MR. RAPOSO: Cambridge Rindge and Latin.
15    THE COURT: Have you ever been treated for any mental
16    illness or addiction to narcotic drugs of any kind?
17    MR. RAPOSO: I've been in treatment for the narcotics
18    for the last year but never been placed anywhere in my life.
19    THE COURT: So it's been outpatient?
11:13 20   MR. RAPOSO: Outpatient, correct.
21    THE COURT: Have you completed any programs in that
22    regard, or are you still under treatment?
23    MR. RAPOSO: No. I've been in a relapse prevention
24    program for the last year, and I have a one-on-one counselor
25    there.

```
 1              THE COURT:  And that's ongoing?
 2              MR. RAPOSO:  Yeah.
 3              THE COURT:  Are you presently under the influence of
 4    any drug, medication or alcoholic beverage of any kind?
 5              MR. RAPOSO:  No.  But I do take prescription medicine
 6    for a back injury, of Vicodin and tramadol.
 7              THE COURT:  Do either of those drugs in any way affect
 8    your ability to understand or respond to my questions?
 9              MR. RAPOSO:  No, sir.
10              THE COURT:  Okay.  Have you received a copy of the
11    Indictment pending against you in this case, that is, the
12    written charges made against you, and have you discussed those
13    charges and the case in general with Mr. Mirhashem as your
14    lawyer?
15              MR. RAPOSO:  Yes, sir.
16              THE COURT:  In your own words, what do you understand
17    you're being charged with here this morning?
18              MR. RAPOSO:  Yes, sir.
19              THE COURT:  What are you being charged with?
20              MR. RAPOSO:  With the Hobbs Act and conspiracy.
21              THE COURT:  All right.  Are you fully satisfied with
22    the counsel, representation and advice given to you by your
23    attorney in this case?
24              MR. RAPOSO:  Yes, sir.
25              THE COURT:  I understand there is no written plea
```

```
 1    agreement, Mr. Kanwit; is that correct?
 2             MR. KANWIT:  That is correct, your Honor.  There is an
 3    oral agreement.
 4             THE COURT:  All right.  At some point we'll hear about
 5    that.
 6             But has anyone made any promise or assurance to you of
 7    any kind, Mr. Raposo, in an effort to make you enter a plea of
 8    guilty in this case?
 9             MR. RAPOSO:  No, sir.
10             THE COURT:  Has anyone attempted to force you to plead
11    guilty here?
12             MR. RAPOSO:  No, sir.
13             THE COURT:  Do you understand that the offense to
14    which you are pleading guilty is a felony and that if that plea
15    is accepted you will be judged guilty of that offense and that
16    such adjudication may deprive you of valuable civil rights such
17    as the right to vote, the right to hold public office, the
18    right to serve on a jury, and the right to possess any kind of
19    firearm?  Do you understand all of that?
20             MR. RAPOSO:  Yes, sir.
21             THE COURT:  All right.  Then, Mr. Kanwit, will you
22    inform the defendant of the maximum possible penalties that he
23    faces here today and if there are any mandatory minimums.
24             MR. KANWIT:  Yes, your Honor.  The defendant faces, on
25    Count 3 of the conspiracy count, a maximum period of
```

1   incarceration of five years; supervised release of up to three

2   years; a fine of up to $250,000; and a mandatory special

3   assessment of $100.

4       On Count 4, the Hobbs Act charge, the defendant faces

5   a maximum period of incarceration of 20 years; supervised

6   release for a period of up to three years; a fine of up to

7   $250,000; and also the mandatory special assessment of $100.

8       There are no mandatory minimum periods of

9   incarceration.

11:15 10   THE COURT: All right. Do you understand, Mr. Raposo,

11   that by pleading guilty to the offense before this Court that

12   the Court may be required by statute to revoke your bail and

13   order you detained immediately? Do you understand that?

14   MR. RAPOSO: I do.

15   THE COURT: All right. And do you understand all of

16   the other possible consequences of your plea here this morning?

17   MR. RAPOSO: I do.

18   THE COURT: Now, under the Sentencing Reform Act of

19   1984, the United States Sentencing Commission issued guidelines

11:16 20   for judges to follow when imposing sentences in criminal cases.

21   Have you and your lawyer talked about how those guidelines may

22   apply in your specific case?

23   MR. RAPOSO: Yes, sir.

24   THE COURT: Do you understand that a not-so-distant

25   decision of the United States Supreme Court rendered those

```
 1       guidelines advisory rather than mandatory, meaning that I have
 2       the discretion to sentence you anywhere in the range set forth
 3       in the statute governing the crime to which you plead guilty
 4       and that I'm not required to sentence you within the range
 5       prescribed in the guidelines or even based upon the factors
 6       contained in those guidelines?  Do you understand that?
 7                MR. RAPOSO:  Yes, sir.
 8                THE COURT:  Do you understand further that the Court
 9       will not be able to determine even what advisory guideline
11:17 10 applies until after a Presentence Report has been prepared for
 11      me and both you and the government have had a chance to
 12      challenge the facts that are set forth in that report?  Do you
 13      understand that?
 14               MR. RAPOSO:  Yes, sir.
 15               THE COURT:  Further, do you understand that after it
 16      has been determined what the advisory guideline is the judge --
 17      in this case that means me -- has the authority in some
 18      circumstances to impose a sentence that is more severe or less
 19      severe than those called for in the guidelines?  Do you
11:17 20 understand that?
 21               MR. RAPOSO:  Yes, sir.
 22               THE COURT:  Do you understand that under some
 23      circumstances either you or the government may appeal to a
 24      higher court any sentence that I impose?  Do you understand
 25      that?
```

1       MR. RAPOSO: Yes, sir.

2       THE COURT: Finally, do you understand that parole has
3  been abolished, and if you are sentenced to be imprisoned, you
4  will not be released on parole? Do you understand that?

5       MR. RAPOSO: Yes, sir.

6       THE COURT: All right. Then, Mr. Raposo, do you
7  understand generally that you have a right to plead not guilty
8  to any charge against you and to persist in that plea and that
9  you would then have the right to a trial by jury, during which
11:18 10 you would have the right to be represented by a lawyer in your
11 defense; you would have the right to see and hear all of the
12 witnesses and have them cross-examined in your defense; you
13 would have the right on your own part to decline to testify
14 unless you voluntarily agree to do so; and you would have the
15 right to the issuance of subpoenas or compulsory process to
16 compel the attendance of witnesses to testify in your defense?
17 Do you understand all of that?

18      MR. RAPOSO: Yes, sir.

19      THE COURT: Do you further understand that by entering
11:18 20 a plea of guilty, if that plea is accepted, you will have
21 waived or given up your right to a trial by jury as well as all
22 of those other rights that I just described? Do you understand
23 that?

24      MR. RAPOSO: Yes, sir.

25      THE COURT: All right. Then, Mr. Kanwit, will you

1  inform the defendant and the Court of what facts the government
2  would prove if this matter were to go to trial.
3      MR. KANWIT: Yes, your Honor. Thank you. If this
4  case were to go to trial, the government is prepared to prove
5  beyond a reasonable doubt that on March 12, 2010, Mr. Raposo
6  was part of a conspiracy of three individuals who planned to
7  rob a postal mail truck.
8      And at approximately 5:10 p.m. on that date, the
9  defendant, Elvis Raposo, along with codefendants Mark Cataldo
10 and Lawrence Bartone, exited Mark Cataldo's residence, got into
11 a vehicle, and drove to the Chelsea Post Office in
12 Massachusetts where they were looking for a postal truck and
13 trying to track that truck as well as conducting what's called
14 countersurveillance to detect if any law enforcement was
15 observing their movements.
16     After doing so in the neighborhood of the Chelsea Post
17 Office, they drove to the vicinity of the Charlestown Post
18 Office. They circled the neighborhood of the Charlestown Post
19 Office approximately three times, making, during the course of
20 their path, abrupt turns, quick stops, turning quickly,
21 starting up, as if to detect or shake any law enforcement
22 observers.
23     After the third time they drove around, the vehicle
24 was stopped by the Massachusetts State Police STOP team, which
25 is a SWAT-like intervention team. The three occupants --

1   codefendants Cataldo, Bartone and this defendant, Elvis

2   Raposo -- were taken into custody at that time.

3       Evidence recovered from the vehicle they were in,

4   which was owned and registered to Lawrence Bartone, included a

5   black bb gun; two black ski masks with green trim; one black

6   ski mask; one pair of black gloves; one black knit ski hat; a

7   U.S. passport in the name of Elvis Raposo; several cellphones;

8   a jacket; a knife, approximately ten inches in length; and a

9   GPS unit, among various items.

11:21 10   After their arrest on that date and at that time, once

11   they had been brought into custody, defendant Lawrence Bartone

12   and this defendant, Elvis Raposo, confessed to the attempted

13   robbery.

14       THE COURT:  All right.  I take it there's -- is there

15   no allegations about the other robbery, the January 29th?

16       MR. KANWIT:  Not with regard to this defendant.  All

17   evidence indicates that Mr. Raposo was not involved in that

18   prior robbery.

19       THE COURT:  All right.  Mr. Raposo, do you have

11:22 20   anything to add to what Mr. Kanwit says the government would be

21   able to prove if this matter were to go to trial?

22       MR. MIRHASHEM:  Your Honor, may I say something?

23       THE COURT:  Well, you can talk to him, but I want him

24   to answer.  You may have a conference with him outside of my

25   hearing before he does, but I want him to answer on the record.

|  |  |
|---|---|
| 1 | MR. MIRHASHEM:  Okay.  May I have a minute? |
| 2 | THE COURT:  Yes. |
| 3 | (Discussion held off the record.) |
| 4 | THE COURT:  All right.  So the record is clear, I'll |
| 5 | ask the question again, Mr. Raposo.  Do you have anything to |
| 6 | add to what Mr. Kanwit says the government would be able to |
| 7 | prove if this matter were to go to trial? |
| 8 | MR. RAPOSO:  No, sir.  I have nothing to add. |
| 9 | THE COURT:  Do you disagree with anything that Mr. |
| 11:23 10 | Kanwit says the government would be able to prove? |
| 11 | MR. RAPOSO:  No.  I'm pleading guilty to these |
| 12 | charges. |
| 13 | THE COURT:  Everything that he said is, in fact, the |
| 14 | case; is that right? |
| 15 | MR. RAPOSO:  Yes, sir. |
| 16 | THE COURT:  All right.  That being the case, I will |
| 17 | ask my deputy clerk to inquire of the defendant as to how he |
| 18 | now wishes to plead.  And, Mr. Raposo, will you please stand. |
| 19 | MR. MIRHASHEM:  Your Honor, may I say something? |
| 11:23 20 | THE COURT:  Yes, you may. |
| 21 | MR. MIRHASHEM:  I just want to let your Honor know |
| 22 | about a couple of things.  One is, I think you asked him if |
| 23 | there were any promises.  I just wanted to be clear, from the |
| 24 | way he answered, that there is an oral promise of a particular |
| 25 | sentence the government is going to recommend. |

1    THE COURT: Thank you, Mr. Mirhashem. We should hear
2    about that, Mr. Kanwit. You may be seated for the moment, Mr.
3    Raposo.
4    MR. KANWIT: Yes, your Honor. The government has
5    represented during the course of plea negotiations -- we
6    actually have a written plea agreement that we just didn't
7    execute. The government has indicated to defense counsel and
8    to the defendant that we intend to stand by that as if it had
9    been fully executed because it was really just a glitch in
11:24 10    misunderstanding about where we were and an open issue that
11    prevented it from being executed.
12    In discussions with counsel, we both believe -- if I
13    may speak for counsel -- that the defendant will be as well
14    protected with an oral agreement as he would with a written
15    agreement; and, in fact, a number of the provisions in the
16    standard U.S. Attorney's plea agreement, which work to the
17    government's advantage, would not necessarily apply.
18    So that having been said, that's the context. What we
19    have indicated to the defendant is that we will recommend a
11:25 20    sentence of 30 months. That is at the low end of the
21    guidelines as we calculate the guidelines. But if the
22    guidelines calculation that the Court adopts is different, the
23    government will still recommend a period of incarceration of 30
24    months.
25    THE COURT: All right. That is the substance of the

1   recommendation of the agreement between the government and the
2   defendant?
3       MR. KANWIT:  That is.  We'll recommend three years of
4   supervised release.  I don't know what the defendant is able to
5   pay, if anything, in terms of a fine.  We did not make a
6   recommendation about the fine.  We only have a calculation of
7   the range according to the guidelines, which, for the record,
8   is 6,000 to $60,000.  And, of course, there would be mandatory
9   restitution, which would, in this case, not apply because
10  nothing was actually stolen.  It was an attempt rather than an
11  actual accomplishment.
12      THE COURT:  All right.  Mr. Raposo, is that the
13  substance of the oral agreement, as you understand it, with the
14  government?
15      MR. RAPOSO:  Yes, sir.
16      THE COURT:  All right.  And, Mr. Mirhashem, is it
17  also?
18      MR. MIRHASHEM:  That's completely accurate, your
19  Honor.  And there's just one other point that I wanted to bring
20  to the Court's attention.
21      THE COURT:  Yes.
22      MR. MIRHASHEM:  I've gone over this Indictment with
23  Mr. Raposo.  As he just indicated, he fully intends to plead
24  guilty to both charges.  I just want the Court to know,
25  obviously, you have three people involved in an incident.

1   There are different factual versions.  The government says
2   certain things were found in the car.  We don't dispute that.
3   That's different from whether Mr. Raposo knew those items were
4   in the car.
5        And so basically what I've explained to him, and I'm
6   letting the Court know, is that he fully admits each and every
7   element of each charge that he's pleading guilty to, and facts
8   that may bear on sentencing will be decided at sentencing.
9        THE COURT:  I take it there's no dispute from the
11:27 10   government in that regard?
11        MR. KANWIT:  There isn't a dispute in terms of whether
12   the defendant is capable and is, in fact, making a sufficient
13   plea to the elements.  One of the issues -- and we really
14   should front it to the Court at this stage in absolute candor
15   -- is whether Mr. Raposo had a dangerous weapon in his
16   possession.
17        The evidence is somewhat conflicting.  My
18   understanding, although I have not had direct communication
19   with Mr. Raposo since he's represented, but through counsel, is
11:27 20   that Mr. Raposo denies having a dangerous weapon.  If he had a
21   dangerous weapon in this case, it would have been the bb gun
22   that was found in the car.  The government's evidence on that
23   is somewhat mixed.  It's unclear how that's going to play out
24   in the PSR and the presentation to the Court.  It is a
25   sentencing enhancement which could --

1          THE COURT:  Is it a two- or a four-level?

2          MR. KANWIT:  It's a two-level because it's a dangerous

3   weapon, not a firearm.

4          The government has, in part, because the evidence is

5   somewhat mixed -- and it really comes down to one individual

6   who has been not entirely consistent.  We've taken the position

7   that we'll stand by the 30-month recommendation no matter what,

8   in part because Mr. Raposo, right from the start, as soon as he

9   was arrested, admitted his guilt and is a Criminal History

11:28 10   Category I.  So we think the 30 months will be a fair sentence

11   whether the Court finds that enhancement applies or not.

12          THE COURT:  Then it will be a non-issue.  If the

13   government is going to make a motion in the event that 30 were

14   below the guideline range, the government would be moving to

15   have a variant or a departure sentence, I take it?

16          MR. KANWIT:  Well, it should be a non-issue, but, of

17   course, as the Court is well aware, the Court has the authority

18   to disregard the joint recommendation of the parties --

19          THE COURT:  I understand.

11:29 20          MR. KANWIT:  -- and go higher.  I think Mr. Raposo

21   understands that.

22          THE COURT:  All right.  Fair enough.

23          You understand all of that, Mr. Raposo, that just

24   transpired between the Court and government's counsel?

25          MR. RAPOSO:  Yes, sir.

1           THE COURT:  And, Mr. Mirhashem, any comments to make?

2           MR. MIRHASHEM:  No.  I think the government has

3    accurately stated the facts.

4           THE COURT:  Again, Mr. Raposo, will you please stand.

5           THE CLERK:  Mr. Raposo, as to Counts 3 and 4 of the

6    five-count Indictment, you have previously pled not guilty.  Do

7    you now wish to change your plea?

8           MR. RAPOSO:  Yes.

9           THE CLERK:  What say you now to Count 3, guilty or not

10   guilty?

11          MR. RAPOSO:  Guilty.

12          THE CLERK:  What say you now to Count 4, guilty or not

13   guilty?

14          MR. RAPOSO:  Guilty.

15          THE CLERK:  Thank you.  You may be seated.

16          THE COURT:  All right.  That being the case, it is the

17   finding of the Court, in the case of the United States vs.

18   Elvis Raposo, that the defendant is fully competent and capable

19   of entering an informed plea and that his plea of guilty is a

20   knowing and voluntary plea, supported by an independent basis

21   in fact, containing each of the essential elements of the

22   offenses charged.  His plea is therefore accepted, and he is

23   now adjudged guilty of those offenses.

24          Mr. Raposo, a written Presentence Report will be

25   prepared for me, and you will be asked to give information for

```
 1    that report.  Your lawyer may be present if you wish.  Both you
 2    and your lawyer will be given the opportunity to read that
 3    Presentence Report before the sentencing hearing, and at that
 4    hearing itself, not only your lawyer but you will be afforded
 5    the opportunity to speak.  Do you understand all of that?
 6              MR. RAPOSO:  Yes, sir.
 7              THE COURT:  All right.  Then the sentencing will be on
 8    Tuesday, September 20, 2011, at 3 p.m.  Any known conflicts,
 9    Mr. Mirhashem, at this point?
11:30 10              MR. MIRHASHEM:  If I may just have a moment?
 11             THE COURT:  Yes, you may.
 12             Mr. Kanwit?
 13             MR. KANWIT:  None for me, your Honor.  Thank you.
 14             THE COURT:  Tuesday, September 20th.
 15             MR. MIRHASHEM:  That's fine, your Honor.
 16             THE COURT:  All right.  And then, as I believe it is
 17   understood that the defendant is going to be remanded to the
 18   custody of the United States Marshals forthwith, there is no
 19   necessity to talk about terms of release, correct?
11:31 20             MR. KANWIT:  That's correct, your Honor.
 21             MR. MIRHASHEM:  I understand the Court's ruling, yes.
 22             THE COURT:  I do have the letter from Pretrial
 23   Services that can be made part of the record, that Mr. Raposo
 24   has complied with his release status to this point.
 25             Anything further then to come before the Court in
```

```
 1   these proceedings?
 2           MR. KANWIT:  Not from the government, your Honor.
 3   Thank you.
 4           THE COURT:  Mr. Mirhashem?
 5           MR. MIRHASHEM:  No, your Honor.  Thank you.
 6           THE COURT:  Then we are adjourned.  Thank you.
 7           THE CLERK:  All rise.  The defendant is remanded.
 8   (Whereupon, at 11:31 a.m. the hearing concluded.)
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

C E R T I F I C A T E

I certify that the foregoing is a correct transcript of the record of proceedings in the above-entitled matter to the best of my skill and ability.

/s/Cheryl Dahlstrom          09/07/2011

Cheryl Dahlstrom, RMR, CRR    Dated

Official Court Reporter